IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    *Plaintiff,*

vs.                              CRIMINAL NO. 20-382-04 (RAM)

ROBERTO CEDEÑO-OLIVENCIA,
    *Defendant.*

**MOTION AND MEMORANDUM FOR SEVERANCE, SEPARATE JURIES AND IN CAMERA INSPECTION OF CODEFENDANT'S STATEMENTS**

NOW COMES Defendant, Roberto Cedeno-Olivencia, by and through his attorneys from the Federal Public Defender Office and moves this Court for the entry of an order to: (1) sever his trial from the codefendants and (2) require the government to deliver to the court for in camera inspection any codefendants' statements that the government intends to use as evidence. Federal Rule of Criminal Procedure 14(a) and (b).

1.    Defendant, Roberto Cedeno-Olivencia, is charged by way of indictment with various offenses related to his alleged membership in a conspiracy to import controlled substances.

2.    There are codefendants charged in the same indictment for acts arising out of the same set of facts. The government has informed counsel that some of the codefendants made statements to law enforcement officers at the time of their arrests.

3.    It is anticipated that the government will attempt to introduce extra-judicial statements of the codefendants which implicate Defendant Cedeno in the offense charged.

4.    Defendant Cedeno's defenses at trial may be mutually exclusive and

irreconcilable with those of his codefendants.

5. Allowing the codefendant's testimonial statements to be heard by Defendant Cedeno's jury will implicate Mr. Cedeno in violation of his right of confrontation should the codefendants choose not to testify. *Crawford v. Washington*, 541 U.S. 36; 124 S.Ct. 1354; 158 L.Ed.2d 177 (2004) and *Bruton v United States*, 391 US 123; 88 S.Ct 1620; 20 LEd2d 476 (1968).

6. There is a great potential for prejudice if Mr. Cedeno is tried with his codefendants. As a result, the introduction of the codefendant's statement will compromise Mr. Cedeno's federal constitutional confrontation rights.

7. This Court should use its discretionary authority to grant Defendant a separate trial, Federal Rule of Criminal Procedure 14 (a).

8. Pursuant to Rule 14(b) of the Federal Rules of Criminal Procedure, this Court should also require the government "to deliver to the court for in camera inspection any defendant's statements that the government intends to use as evidence.".

9. Prior to the filing of the instant motion, undersigned counsel requested copies of the above-described statements from the government, which was refused.

WHEREFORE, Defendant respectfully requests this Honorable Court to enter an order allowing a severance or separate jury from his codefendant in this matter.

**CERTIFICATE OF SERVICE:** I hereby certify that on today's date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a copy of the instant document to all attorneys of record.

**Eric A. Vos, Esq. Federal Public Defender District of Puerto Rico**

**/s/ Joseph A. Niskar**
Joseph A. Niskar (G/03007)
Assistant Federal Public Defender
241 F.D. Roosevelt Ave.
San Juan, PR 00918- 2441
Tel.: 787-281-4922
Fax:   787-281-4899
Email: Joseph_Niskar@FD.org