```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff**<br><br>v.<br><br>ROBERTO CEDEÑO-OLIVENCIA [4]<br><br>**Defendant** | CRIM NO. 20-382-4 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Defendant Roberto Cedeño-Olivencia's ("Defendant" or "Cedeño-Olivencia") second *Motion for Suppression of Evidence and Evidentiary Hearing* ("*Motion to Suppress*"). (Docket No. 608). Defendant takes issue with the legality of the investigative stop which resulted in his arrest. Id. at 3-5. Specifically, Defendant contends that the fact he was observed driving in tandem with other co-defendants constitutes an insufficient basis for reasonable suspicion. Id. at 4. The Government filed a *Response in Opposition* asserting that tandem driving was one of several reasons that led law enforcement to stop Defendant. (Docket No. 655). Having reviewed these motions and the applicable case law, the Court hereby **DENIES** Defendant's *Motion to Suppress*.

## I. FACTUAL BACKGROUND[1]

In February 2020, the Federal Bureau of Investigation ("FBI") began conducting a criminal investigation with Cedeño-Olivencia, Rafael Texidor-Perez ("Texidor"), Carlos Javier Nieves-Rivera ("Nieves"), and Jose Raul Dotel ("Dotel") as subjects. (Docket No. 1-1 ¶¶ 5, 9). Said subjects, along with a confidential human source, an undercover employee and other individuals, were allegedly communicating and conspiring to import approximately 500-700 kilograms of cocaine in the late summer or early fall of 2020. Id. The drug transfer was anticipated to take place on November 1, 2020. Id. ¶¶ 5-6; 14.

On the morning of November 1, 2020, co-defendants Texidor and Dotel were seen traveling separately to a residence in the Berwind Estates Subdivision in San Juan, Puerto Rico which has later discovered to be the residence identified on Cedeño-Olivencia's Puerto Rico driver's license. (Docket No. 608 at 2). The FBI observed that these three individuals went to El Platano Criollo Restaurant and later proceeded to travel to Urbanization El Comandante in Carolina, Puerto Rico. Id. At approximately 1:05 p.m. on November 1, 2020, the surveillance team:

> noticed a white Ford Van, market (sic) as Thrifty Rental, with license plate number 1008206, constantly driving near Texidor-Perez' vehicle. **In one occasion, TFA Santiago-**

---

[1] The following facts are derived from the Affidavit in Support of Criminal Complaint against Defendant (Docket No. 1-1) and Defendant's *Motion to Suppress* (Docket No. 608 at 2-3).

> **Cintron observed TEXIDOR-PEREZ talking vehicle to vehicle with the driver of the Ford Van. TFA Santiago-Cintron approached and noticed that the driver of the Van was previously seen traveling in the Chevrolet Tahoe along with TEXIDOR-PEREZ and DOTEL (later identified as ROBERTO CEDENO-OLIVENCIA).** CEDENO-OLIVENCIA was wearing a blue polo shirt, baseball hat and a face disposable mask. TFA Santiago-Cintron alerted the rest of the ERA surveillance team about the white Ford Van. **Both vehicles (Ford Van and Cherokee) took PR highway 52 heading west.**

Id. at 2-3 (emphasis added). At approximately 2:20 p.m. law enforcement made a traffic stop on the vehicle being driven by Texidor and arrested Texidor pursuant to a previously issued arrest warrant. Id. at 3. Roughly ten minutes later, the ERA surveillance team conducted a traffic stop to the white Ford Van driven by Cedeño-Olivencia. Id. Defendant was arrested and provided written consent to search the Ford van. Id. Federal agents recovered multiple empty suitcases from the rear of the van. (Docket No. 1-1 ¶ 16).

## II.  APPLICABLE LAW

### A. Evidentiary Hearings

There is "no presumptive right to an evidentiary hearing on a motion to suppress." United States v. Cintron, 724 F.3d 32, 36 (1st Cir. 2013) (citation omitted). A hearing must be held only under certain circumstances, such as "if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper

record." Id. (quotation omitted). Most notably, "the defendant must show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief." Id.

### B. Terry Stops

When law enforcement has a reasonable suspicion that a person is engaging in criminal activity, they may make an investigatory stop, commonly referred to as a Terry stop. *See* Terry v. Ohio, 392 U.S. 1 (1968). This "stop" permits law enforcement officials to intervene with a vehicle without a warrant if they have "**specific articulable reasons** for believing that a person may be connected to the commission of a particular offense." United States v. Nieves, 256 F. Supp. 3d 133, 136 (D.P.R. 2017) (emphasis added) (citation omitted). This "reasonable suspicion" however necessitates more than a "hunch;" rather, it "requires instead that officers 'point to specific and articulable facts which, taken together with rational inferences derived from those facts, reasonably show that an investigatory stop was warranted.'" United States v. Fernandez Ruiz, 2019 WL 7604713, at *1 (D.P.R. 2019) (quoting United States v. Maguire, 359 F.3d 71, 76 (1st Cir. 2004)). Notably, "[a]n officer's reasonable suspicion can arise from a myriad of direct and indirect sources, including personal observations, informant tips, dispatch information, information from other officers, and more generalized factors, such as the nature of the area, the weather conditions, and the time of day."

United States v. Carrillo-Alvardo, 558 F. App'x 536, 541 (6th Cir. 2014) (citations omitted). In other words, "[p]olice officers are not limited to personal observations in conducting investigatory activities, and reasonable suspicion for a *Terry* stop may be based on information furnished by others." United States v. Romain, 393 F.3d 63, 71 (1st Cir. 2004) (citing Adams v. Williams, 407 U.S. 143, 147 (1972)).

### III. ANALYSIS

As Defendant correctly asserts, two vehicles driving in tandem, on its own, is generally insufficient to establish probable cause for the arrest of a driver or the seizure of evidence from a vehicle. *See* Ybarra v. Illinois, 444 U.S. 85, 91 (1979) ("[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause[.]"); United States v. Espino-Urvan, 2013 WL 2255953, at *6 (S.D.N.Y. 2013)("In most other cases in which a court has held that the fact that two vehicles were traveling "in tandem" provided probable cause for the arrest of a driver or the seizure of evidence, there were other facts cited in support of the probable cause determination.")(collecting cases).

However, in the case at bar, Defendant's tandem driving was not the sole reason he was stopped. Instead, Cedeño-Olivencia was stopped due to behavior observed by law enforcement *earlier* in the day (*e.g.,* meeting with co-defendants Texidor and Dotel and

subsequently communicating vehicle-to-vehicle with Texidor). These acts, coupled with information collected over a months-long investigation including recordings mentioning that a van would be used to pick-up the alleged drug shipment, the agreed pick-up location, date, and time, as well as other evidence of coordination, all justified the stop. Therefore, the totality of circumstances in this case fulfills the reasonable suspicion requirement for a lawful *Terry* stop under the Fourth Amendment. Suppression is not warranted in this case given that Defendant's initial stop was supported by reasonable suspicion, his subsequent arrest was supported by probable cause, and the search of the Ford Van was conducted pursuant to his written consent. *See e.g.*, United States v. Garcia-Sanjurjo, 2021 WL 4839905, at *13 (D.P.R. 2021), report and recommendation adopted, (D.P.R. 2021).

### IV. CONCLUSION

In accordance with the above, Defendant Roberto Cedeño-Olivencia's *Motion to Suppress* at Docket No. 608 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of August 2022.

S/RAÚL M. ARIAS-MARXUACH
United States District Judge