IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA **Plaintiff** v. ROBERTO CEDEÑO-OLIVENCIA [4] **Defendant** | **CRIM NO. 20-382** (RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Roberto Cedeño-Olivencia's [4] ("Defendant" or "Mr. Cedeño-Olivencia") *Consolidated Motion and Memorandum in Support of Dismissal of Indictment, Disclosure of Jury Wheel Materials and for an Evidentiary Hearing* (the "*Motion*"). (Docket No. 976). Defendant claims that his rights to equal protection under the Fifth Amendment of the United States Constitution and to a grand and petit jury selected at random from a fair cross-section of the community under the Sixth Amendment to the United States Constitution and the Jury Selection and Services Act ("JSSA") have been violated. Id. ¶ 9. Specifically, Mr. Cedeño-Olivencia asserts that because this District Court's Amended Plan for the Random Selection of Grand and Petit Jurors ("Amended Plan") selects prospective jurors from voter registration lists and requires that

jurors be able to sufficiently read, write, speak, and understand English, there is an underrepresentation of low-income, minority, and lower educated citizens in the jury pool. Id. at 12. Importantly, Defendant requests an extensive production of jury pool information to support this argument. Id. at 14. It is worth noting that the *Motion* failed to provide **any** case law or supporting authorities to justify this request for production or his contention that his rights have been violated. *See* Local Rule 7(a) and Local Rule 112.[1]

In its *Response in Opposition*, the Government lists extensive case law from the First Circuit and this District affirming that despite any exclusionary implications, the English proficiency requirement for jurors constitutes an overriding and compelling government interest. (Docket No. 1058). The Government also notes that the Court previously rejected a similar request for juror data by Defendant. (Docket No. 748). Lastly, Defendant filed a *Reply* submitting a sworn statement from defense counsel, a jury language study, and census data for the Court's consideration. (Docket No. 1073).

---

[1] In addition to failing to comply with Local Rules 7(a) and 112, defense counsel may have failed to comply with the duty of candor established in Model Rule of Professional Conduct 3.3(a)(2) requiring that lawyers shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." As discussed at length in the present Memorandum and Order, there is abundant adverse controlling authority with regards to Defendant's claims.

Defendant correctly asserts that pursuant to the JSSA, "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. However, the JSSA also "requires that all grand and petit jurors have the ability to speak English and read, write and understand English with proficiency sufficient to fill out satisfactorily the juror qualification form." United States v. Aponte-Suarez, 905 F.2d 483, 492 n.4 (1st Cir. 1990) (citing 28 U.S.C. § 1865(b)(2) and (3)). Moreover, this statute **explicitly** endorses identifying prospective jurors from voter registration lists. *See* 28 U.S.C. § 1863 (b)(2). Thus, ensuring that jurors are proficient in English and using voter registration rolls to populate potential juror lists are implementations, rather than violations, of the JSSA.

As noted by the Government, Defendant's argument has been raised repeatedly and consistently rejected throughout the years. Even if Defendant had established a *prima facie* case of unconstitutional jury disproportionality, despite his request for extensive data to support this claim, the Government can rebut such a case "with evidence that 'a significant state interest [is] manifestly and primarily advanced by those aspects of the jury-selection process ... that result in the disproportionate

exclusion of a distinctive group.'" United States v. Candelario-Santana, 356 F. Supp. 3d 204, 206 (D.P.R. 2019) (quoting Duren v. Missouri, 439 U.S. 357, 367-368 (1979)).

The First Circuit has consistently held that even if the English-only requirement results in a systematic exclusion in the jury selection process, "the overwhelming national interest served by the use of English in a United States court justifies conducting proceedings in the District of Puerto Rico in English and requiring jurors to be proficient in that language." United States v. Flores-Rivera, 56 F.3d 319, 326 (1st Cir. 1995) (quoting Aponte-Suárez, 905 F.2d at 492). In United States v. Benmuhar, the First Circuit outlined why the English language requirement is fundamental and necessary in Federal Courts, explaining that:

> Federal district courts in part are designed to provide trial alternatives for litigants, resident and nonresident, who seek the uniformity, expertise, and familiarity that they believe they may find in a national rather than a local forum. Primary use of the national language is both symbolically and functionally significant in achieving this goal. Nonresident citizens who do not speak Spanish may use the Puerto Rican federal district court without unusual requirements. The Attorney General of the United States may appear personally or by representative without being limited by considerations of fluency in Spanish. Other judges may sit by designation as needed without regard to their ability in Spanish. Possible translation distortions in indictments and complaints based on statutes written in English are avoided, as they are again during appellate review.

658 F.2d 14, 20 (1st Cir. 1981).

Defendant has not provided any grounds to distinguish and depart from precedent. *Cf.* Candelario-Santana, 356 F. Supp. 3d at 207 (upholding the validity of the English proficiency requirement even in capital punishment cases) (collecting cases). Thus, Mr. Cedeño-Olivencia's claims are **frivolous** and "foreclosed by [First Circuit] precedents, which have repeatedly upheld the English proficiency requirement against such challenges in Puerto Rico district court." United States v. Fernandez-Hernandez, 652 F.3d 56, 66 (1st Cir. 2011) (citing United States v. Rodríguez-Lozada, 558 F.3d 29, 38 (1st Cir. 2009); United States v. Dubón-Otero, 292 F.3d 1, 17 (1st Cir. 2002)).

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 16th day of June 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge